## CITY MAGISTRATE'S COURT—NEW YORK CITY.

### Feb. 18, 1911.

## THE PEOPLE ex rel HENRY G. SCHNEIDER v. N. Y. C. & H. R. R. Co.

(1.) VIOLATION OF REGULATIONS OF PUBLIC SERVICE COMMISSION—PUBLIC NUISANCE.

Where it is established by competent evidence that a railroad is a trespasser in maintaining and operating under a charter long expired and runs its trains part of the time at restricted hours in violation of an order issued pursuant to competent authority, imposing the duty upon the company to suspend the running of trains at noon time, among others, presumably to avoid the endangering of the school children and others who find it necessary to use the highway along the line of the road, a clear case of public nuisance is made out.

(2.) SAME—JURISDICTION—ORDER OF PUBLIC CIVIL SERVICE COMMISSION.

Where a railroad has violated an order of the Public Service Commission, which would subject it, at the direction of the Commission to a civil suit for $5000, this court is powerless in a criminal prosecution to act upon the proof of the alleged violation of said order, since that matter concerns the civil courts, except to hold the officer or agent procuring, aiding and abetting in its violations, if he were a party to this action so that jurisdiction could be had over his person as well as over the subject matter of the inquiry.

CHARGE violation of Regulations of Public Service Commission.

*Theodore Baumesiter, Esq.,* for the complainant.

*Martin Gilligan, Esq.,* for the defendant.

The defendant, The New York Central and Hudson River Railroad Company, is charged with a violation of the regulations of the Public Service Commission contained in an order dated December 11th, 1908, designated and known as order number 745, made such Commission, and duly served upon and accepted by said company.

The directions and requirements of the order are to the effect, as follows:

ORDERED. 1. That the New York central and Hudson River Railroad Company be and it hereby is directed not to operate any freight trains on 11th Avenue, Borough of Manhattan, City of New York, during the following hours; On Sundays between 10 o'clock A. M. and 12 o'clock noon. On all the other days of the week * * * between 11:50 A. M. and 12:55 P. M. * * *"

FURTHER ORDERED, that this order shall take effect immediately and shall continue in force for a period of two years from and after the date of the taking effect of this order.

FURTHER ORDERED, that within five days after service of this order upon the New York Central and Hudson River Railroad Company, the said New York Central and Hudson River Railroad Company notify the Public Service Commission for the First District whether the terms of this order are accepted and will be obeyed." (Laws 1910, Chapter 480 Sec. 23.)

The specific offense complained of, is that on the 17th day of November, 1910, the defendant violated the aforesaid order by running, at the direction of one John J. Loftus, Superintendent of Freight Yards, an agent and employee of the defendant company, a south-bound freight train of twenty cars drawn by steam engine No. 127, at or near 42nd Street, in the City and County of New York, at the hour of noon on that day when " school children were coming out of the 44th Street School and using that portion of the avenue over which that

train was operated," as is established by the evidence of the complainant. (See Testimony pp. 7-10.)

The order alleged to have been violated, prohibited the operation of the defendant's trains over and along their tracks on Eleventh Avenue, at certain restricted hours on Sundays and week-days.

The order in question was made, as more fully appears from the order itself, after a hearing before the Public Service Commission, in which it appeared " that the regulations and service of the New York Central and Hudson River Railroad Company, in respect to transportation of property in the First District on its Eleventh Avenue line has been and is in certain respects unsafe, unreasonable and improper, and it being made to appear that the changes and improvements in the regulations and service of the said company * * * are such as are just, reasonable, safe, adequate, and proper and ought reasonably to be made to promote the security and convenience of the public."

These facts are undisputed by the defendant; and on this record the motion for a dismissal must be determined.

The defendant's counsel contends, among other things, that the corporation is not subject to criminal prosecution for a violation of the order of the Commission; that a civil action only may be instituted to recover the penalty for the alleged violation; and that therefore, the motion to dismiss the complaint on the ground of lack of jurisdiction should be granted.

Counsel for the defendant also urges " that the commission is in a better position to know whether the provisions of its orders are being violated than is any other person, and the corporation is relieved from the unwarranted prosecution and persecution from erratic or irrational persons. This does not necessarily follow: and I doubt the force of such an argument. It is not based on reason.

The power of this Court to hold a defendant for trial, and the power of the trial court itself, under the complaint herein must be found, if at all, in the provisions of the Public Service Commissions Law, known as Chapter 48 of the Consolidated Laws (Laws of 1910, Chapter 480, sec. 56.) This section provides:

Sec. 56. FORFEITURE; PENALTIES. Every common carrier, railroad corporation, and street railroad corporation and all officers, and agents of any common carrier, railroad corporation or street railroad corporation shall obey, observe and comply with every order made by the commission, under authority of this chapter so long as the same shall be and remain in force. Any common carrier, railroad corporation or street railroad corporation which shall violate any provision of this chapter, or which fails, omits or neglects to obey, observe or comply with any order or any direction or requirement of the commission shall forfeit to the people of the state of New York, not to exceed the sum of five thousand dollars for each and every violation of any such order or direction or requirement or of this chapter, shall be a separate and distinct offense, and in case of a continuing violation, every day's continuance thereof shall be and be deemed to be a separate and distinct offense.

" 2. Every officer and agent of any such common carrier or corporation who shall violate, or who procures, aids or abets any violation by any such common carrier or corporation of any provision of this chapter, or who shall fail to obey, observe and comply with any order of the commission or any provision of an order of the commission or who procures, aids or abets any such common carrier or corporation in its failure to obey, observe and comply with any such order or provision, shall be guilty of a misdemeanor."

By the provisions of this section the issuance of order 745, which is a valid exercise of the power of regulation, assuming, of course, the constitutionality of the statute in question, the public service commission is empowered and authorized to enforce compliance with the requirements and directions of said order. But since the alleged offense is statutory, the definition of the crime and the punishment for a violation of the order should be contained, if at all, in the statute under consideration, and it is there we would expect to find it.

Subdivision 2 of section 58, makes it a misdemeanor for any *officer or agent* of a corporation to violate, or to procure, aid or abet any violation by a corporation of any provision of this statute or of any order of the commission. It is to be noted that the statute does not constitute it a misdemeanoor where the corporation violates the order; but prescribes that in the event of a violation by the corporation affected by the order a penalty not to exceed the sum of five thousand dollars for each and every offense may be recovered in the manner stated in Section 57 of the Public Service Commission Laws, which provides as follows:

" Sec. 57.    SUMMARY PROCEEDINGS.    Whenever either commission shall be of opinion that a common carrier, railroad corporation or street railroad corporation subject to its supervision is failing or omitting or about to fail or omit to do anything required of it by law or by order of the commission or is doing anything or about to do anything or permitting anything or about to permit anything to be done, contrary to or in violation of law or of any order of the commission, it shall direct counsel to the commission to commence an action or proceeding in the supreme court of the state of New York in the name of the commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction. Counsel for the commission shall

thereupon begin such action or proceeding by a petition to the supreme court alleging the violation of and praying for appropriate relief by way of mandamus or injunction.   It shall thereupon be the duty of the court to specify the time not exceeding twenty days after the service of a copy of the petition, within which the common carrier, railroad corporation or street railroad corporation complained of must answer the petition.   In case of default in answer or after answer the court shall immediately inquire into the facts and circumstances in such manner as the court shall direct without other or formal pleadings, and without respect to any technical requirement.   Such other persons or corporations as the court shall deem necessary or proper to join as parties in order to make its order, judgment or writs effective, may be joined as parties upon application of counsel to the commission.   The final judgment in any such action or proceeding shall either dismiss the action or proceeding or direct that a writ of mandamus or any injunction or both issue as prayed for in the petition or in such modified or other form as the court may determine will afford appropriate relief."

The written complaint or information filed in this case was prepared and submitted by counsel for the complainant, Mr. Schneider.

An examination of the complaint will disclose that the defendant named therein is " The New York Central & Hudson River Railroad Company " a corporation.   The allegation in the body of the complaint that this company " its servants and agents violated the aforesaid order " is not sufficiently specific to permit the inclusion, as a party defendant, of any officer of the company.   Unless the complaint referred to and designated the particular defendant or defendants by name, a warrant of this Court cannot issue.   The warrant must specify the name of the defendant, or if it be unknown to the Magistrate, the defendant may be designated therein by any name (Code of

Criminal Procedure, Sec. 152). A fictitious name, with a description for the purposes of identification of the defendant to be apprehended was not even designated in the complaint or warrant here. For the purposes of determining the motion for a dismissal, I must treat the New York Central & Hudson River Railroad Company as the only defendant in the case.

In the light of the provisions of Section 57, subdivision I, of the Public Service Commissions Law (*supra*), the action for an alleged violation of the order in question against the defendant is civil and not criminal in its nature; and deals with a subject matter over which this Court has no jurisdiction. But where the person who procures, aids or abets any violation by this defendant, New York Central & Hudson River Railroad Company, of the requirements of the order of the commission, prohibiting the operation of trains on 11th Avenue, at restricted hours, is an officer and agent of the corporation, the conduct of such officer and agent comes singularly within the purview of subdivision 2 of Section 56 of the Public Service Commissions Law, which provides that in such cases such officer and agent shall be guilty of a misdemeanor, and he may be criminally prosecuted therefor.

If the complaint in this action had been made against John J. Loftus, Superintendent of the Freight Yards of this defendant-corporation, under the evidence now before me I would be inclined to hold him for procuring, aiding and abetting in the violation of the order of the Public Service Commission referred to in this action. Mr. Loftus' claim, that an oral suspension by a clerk of the Public Service Commission, and lack of intent on his part to violate the provisions of said order, excuse his conduct, would be questions for the trial court rather than for a committing Magistrate to determine; and the committing Magistrate should not usurp the powers that properly belong to the trial tribunal. That there was a public necessity

for the operation of trains at the restricted hours by reason of the work of paving the Avenue making thereby the conditions on 11th Avenue, as counsel for the defendant puts it, abnormal, are extenuating circumstances only, and the proper subject for consideration by a trial court in its final disposition of the case, in the event of conviction against an officer and agent of the company.

I cannot consider the minutes of the hearing before the commission submitted to me by counsel for the defendant as they were not offered in evidence at the examination.

The complainant, Mr. Schneider, has argued and he contends that the defendant is guilty of maintaining a public nuisance, and that the manner and circumstances under which this railroad operates its trains and conducts the business of railroad traffic is unlawful and a nuisance *per se*.

A public nuisance is defined in section 1530 of the Penal Laws (Laws 1909, Chap. 88), as follows:

" A ' public nuisance ' is a crime against the order and economy of the state, and consists in unlawfully doing an act, or omitting to perform a duty, which act or omission:

" 1. Annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons, or

" 2. Offends public decency; or

" 3. Unlawfully interferes with, obstructs or tends to obstruct or renders dangerous for passage, a lake, or a navigable river, bay, stream, canal or basin, or a stream, creek or other body of water which has been dredged or cleared at public expense, or a public park, square, street or highway; or,

" 4. In any way renders a considerable number of persons insecure in life, or the use of property."

Section 1532 makes the liability for maintaining a public nuisance a crime punishable as and for a misdemeanor.

There must be established by direct or circumstantial evidence the doing of some unlawful act, or omission to perform

a duty.   This element must be present; otherwise the charge must fail.

The mere running of freight trains, standing alone, is not a public nuisance.   Such a controversy would resolve itself into a single question whether the defendant has a legal right to maintain the structure complained of, and to operate its trains thereon.   (*Bennet* v. *L. Is. R. R. Co.,* 181 N. Y. 431.)

. The Court of Appeals writing in the Bennet case (*supra*) at page 436 said:

" The rumble of trains, the clanging of bells, the shriek of whistles, the blowing off of steam, the discordant squeak of wheels in going around the curves, the emission of smoke, soot, and cinders all of which accompany the operation of steam cars are undoubtedly nuisances to the neighboring dwellings in the popular sense, but as they are necessarily incident to the main-tenance of the road, they do not constitute nuisances in the legal sense, but are regarded as protected by the legislative authority which created the corporation and legalized its corporate operation.   Nor does the legal nature of such annoyances   change   as   traffic . increases   them   in   volume   and extent."

That which is authorized by competent legal authority cannot in law constitute a nuisance.

Where it is established by competent evidence that a railroad is a trespasser, as claimed by the complainant in the case of this defendant, which, as he says orally to the court, maintains and operates under a charter long expired, and where such trains are run part of the time at restricted hours in violation of an order issued pursuant to competent authority, imposing the duty upon the company to suspend the running of trains at noon time, among others, presumably to avoid the endangering of the school children and others who find it necessary to use the highway along the line of the road, then a clear case of public nuisance is made out.   In such a case, it becomes.

important to prove the dangers experienced by operating trains, the extent of the noise and discomfort to the residents along the line of its traffic and vicinity, either by the travel of heavy cars or by engines, emitting smoke and steam, ringing bells and blowing whistles, the damage done to property and that conditions have arisen there that are dangerous to the people, and what, if any, fatalities and injuries have been suffered. But before considering these charges, I shall require proof of the complainant that the defendant, The New York Central & Hudson River Railroad Company, has no legal right to maintain and operate a railroad upon Eleventh Avenue, at the points indicated by him.

It is true, as complainant argues, that the defendant should not have any greater privileges than those legally authorized; nor can it expect any more than any citizen under the law; and that as a corporation it is equally bound to perform its every duty, or stand amenable to law for the acts of non-feasance or malfeasance of its agents and servants.

No criminal prosecution should be permitted unless the evidence clearly established the commission of crime.

It seems that the defendant has violated the said order of the Public Service Commission of this district; and for its conduct in that regard the defendant may be subjected, if the commission direct it, to a civil suit to forfeit a sum not exceeding five thousand dollars. This court, is, however, powerless in a criminal prosecution to act upon the proof of the alleged violation of said order since that matter concerns the civil courts, except to hold the officer or agent procuring, aiding and abetting in its violations, if he were a party to this action so that jurisdiction could be had over his person as well as over the subject-matter of the inquiry.

The Superintendent of Freight Yards, Mr. Loftus, at whose direction, it seems, the order was violated, not having been made a party, he cannot be held under this complaint. A new

information would have to be filed if it were sought to reach him.

I must dismiss the complaint as against the defendant, The New York Central & Hudson River Railroad Company, for want of jurisdiction.